**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

ADRIENNE D. CROCKETT,         :

     Plaintiff,               :

vs.                        :       CA 18-0210-MU

NANCY A. BERRYHILL,      :
Acting Commissioner of Social Security,
                            :

     Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Adrienne D. Crockett brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claims for a period of disability, disability insurance benefits, and supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Docs. 18 & 19 ("In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings.")). Upon consideration of the administrative record, Plaintiff's brief, the Commissioner's brief, and the parties' arguments at the January 9, 2018 hearing before the undersigned, the Court concludes that the Commissioner's decision denying benefits should be affirmed.[1]

---

[1]    Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 18 & 19 ("An appeal from a judgment
(Continued)

# I. Procedural Background

Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income on October 9, 2015, alleging disability beginning on March 31, 2015. (*See* Tr. 156-71.) Crockett's claims were initially denied on November 13, 2015 (*see* Tr. 83-84) and, following Plaintiff's late November 2015 request for a hearing before an Administrative Law Judge ("ALJ") (*see* Tr. 94-95), a hearing was conducted before an ALJ on March 20, 2017 (Tr.26-49). On June 22, 2017, the ALJ issued a decision finding that the claimant was not disabled and, therefore, not entitled to a period of disability, disability insurance benefits, or supplemental security income. (Tr. 10-17.) More specifically, the ALJ stopped at the fourth step of the five-step sequential evaluation process and determined that Crockett retains the residual functional capacity to perform her past relevant sedentary work as a credit card clerk (*compare id.* at 16-17 *with* Tr. 47). On July 24, 2017, the Plaintiff appealed the ALJ's unfavorable decision to the Appeals Council (*see* Tr. 153); the Appeals Council denied Crockett's request for review on April 10, 2018 (Tr. 1-3). Thus, the hearing decision became the final decision of the Commissioner of Social Security.

Plaintiff alleges disability due to obesity, rheumatoid arthritis and osteoarthritis, degenerative disc disease of the cervical spine, and chronic kidney disease. The Administrative Law Judge (ALJ) made the following relevant findings:

> **3.     The claimant has the following severe impairments: obesity; rheumatoid arthritis and osteoarthritis; [and] degenerative disc disease of the cervical spine (20 CFR 404.1520(c) and 416.920(c)).**

---

entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.")).

．　　　．　　　．

**4.     The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).**

．　　　．　　　．

**5.     After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a).**

．　　　．　　　．

**6.     The claimant is capable of performing past relevant work as a credit card clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).**

．　　　．　　　．

**7.     The claimant has not been under a disability, as defined in the Social Security Act, from March 31, 2015, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).**

(Tr. 12, 13, 14, 16 & 17 (emphasis in original)).

## II. Standard of Review and Claims on Appeal

In all Social Security cases, an ALJ utilizes a five-step sequential evaluation to determine whether the claimant is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the RFC to perform h[is] past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Social Sec.*, 457 Fed. Appx. 868, 870 (11th Cir. Feb. 9, 2012)[2] (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden, at the fourth step, of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Although "a claimant bears the burden of demonstrating an inability to return to her past relevant work, the [Commissioner of Social Security] has an obligation to develop a full and fair record." *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). If a plaintiff proves that she cannot do her past relevant work, it then becomes the Commissioner's burden—at the fifth step—to prove that the plaintiff is capable—given her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Phillips, supra,* 357 F.3d at 1237; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999), *cert. denied,* 529 U.S. 1089, 120 S.Ct. 1723, 146 L.Ed.2d 644 (2000); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform her past relevant work as a credit card clerk, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind

---

[2]     "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir.R. 36-2.

might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[3] Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. Appx. 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And, "'[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence.'" *Id.* (quoting *Crawford v. Commissioner of Social Sec.*, 363 F.3d 1155, 1158-1159 (11th Cir. 2004)).

On appeal to this Court, Crockett contends that the Commissioner's decision to deny her benefits is in error (*i.e.,* not supported by substantial evidence) because the ALJ committed reversible error in failing to find her chronic kidney disease to be a severe impairment.

In her brief, Plaintiff points to evidence in the administrative record regarding her chronic kidney disease (*see* Doc. 12, at 3-4) and contends that the ALJ erred to reversal in failing to find that this impairment is a severe impairment (*see id.* at 2-4). And, looking at the ALJ's decision, there can be little question but that the ALJ specifically determined that Plaintiff's chronic kidney disease is a non-severe impairment. (*See* Tr. 13.) Thus, the

---

[3]     This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

question for this Court becomes whether the ALJ reversibly erred in failing to find Crockett's chronic kidney disease to be a severe impairment.

A severe impairment is an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). The Commissioner's regulations define basic work activities as the abilities and aptitudes to do most jobs and in analyzing step two of the sequential evaluation process, the Commissioner considers a claimant's "(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers and usual work situations; and (6) Dealing with changes in a routine work setting." 20 C.F.R. § 404.1522(b). "Step two is a threshold inquiry." *McDaniel v. Bowen,* 800 F.2d 1026, 1031 (11th Cir. 1986). Only claims based on the most trivial impairments may be rejected, and an impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work. *Id.* A claimant need only demonstrate that her impairment is not so slight and its effect not so minimal. *Id.*

In this case, the ALJ concluded that Crockett's chronic kidney disease is non-severe (Tr. 13). Plaintiff argues that substantial evidence does not support the ALJ's step two finding in this regard (*see* Doc. 12, at 2-4). However, even if the Court agreed with Plaintiff on this point, the law in this Circuit dictates that she would not be entitled to a remand of this action. When the ALJ finds at least one severe impairment, *see Tuggerson-Brown v. Commissioner of Social Security,* 572 Fed.Appx. 949, 951 (11th Cir.

6

Jul. 24, 2014) ("[W]e have recognized that step two requires only a finding of 'at least one' severe impairment to continue to the later steps."),[4] and then gives full consideration to the consequences of all of the claimant's impairments, in combination, on her ability to work at later stages of the analysis,[5] *see, e.g., Tuggerson-Brown,* 572 Fed.Appx. at 951 (recognizing that the ALJ is "required to consider all impairments, regardless of severity, in conjunction with one another in performing the latter steps of the sequential evaluation [process]."), any error at step two is harmless and is not cause for reversal, *see, e.g., Hearn v. Commissioner, Social Security Admin.,* 619 Fed.Appx. 892, 895 (11th Cir. Jul. 31, 2015) (finding any step two error harmless where the ALJ "properly noted that he considered [the claimant's] impairments in the later steps [of the sequential evaluation process]."); *Gray v. Commissioner of Social Security,* 550 Fed.Appx. 850, 853-54 (11th Cir. Dec. 30, 2013) ("Here, we need not consider whether substantial evidence supports the ALJ's conclusion at step two—that Gray's cervical spine impairment was not a severe

---

[4]    The ALJ did that in this case. (*See* Tr. 12 ("**The claimant has the following severe impairments: obesity; rheumatoid arthritis and osteoarthritis; [and] degenerative disc disease of the cervical spine**[.]")).

[5]    "At steps three, four, and five, the ALJ considers the claimant's entire medical condition, including impairments that are not severe at step two." *Delia v. Commissioner of Social Security,* 433 Fed.Appx. 885, 887 (11th Cir. Jul. 14, 2011)*, citing Jamison v. Bowen,* 814 F.2d 585, 588 (11th Cir. 1987); *see also Tuggerson-Brown, supra,* 572 Fed.Appx. at 951 ("While the ALJ did not need to determine whether every alleged impairment was 'severe,' he was required to consider all impairments, regardless of severity, in conjunction with one another in performing the latter steps of the sequential evaluation [process]."); *Sanchez v. Commissioner of Social Security,* 507 Fed.Appx. 855, 858 (11th Cir. Feb. 8, 2013) ("Before reaching step four [and step five], the ALJ must assess the claimant's RFC—which is the most work the claimant can do despite her physical and mental limitations—by considering all of the relevant medical and medically determinable impairments, including any such impairments that are not 'severe.' In assessing the RFC, the ALJ must consider the claimant's ability to meet the physical, mental, sensory, and other requirements of work." (citations omitted; emphasis supplied)).

impairment—because even if there was error, it would be harmless. In assessing Gray's RFC, the ALJ found that Gray had severe impairments and that the step two test was satisfied, and then specifically considered and discussed the symptoms that Gray alleged stemmed from a cervical spine impairment elsewhere in the five-step sequential process. . . . The ALJ thus performed the analysis that would have been required had he determined a cervical spine impairment was severe at step two.").

Stated somewhat differently, this Court need not consider whether substantial evidence supports the ALJ's step two decision—that Crockett's chronic kidney disease is not a severe impairment—because any error in this regard is harmless because the ALJ identified severe impairments and proceeded to the remaining steps in the sequential evaluation process, giving full consideration to the consequences of all of Plaintiff's impairments (both severe and non-severe) on her ability to work at later stages of the analysis.[6] In particular, this Court finds that the following language demonstrates that the ALJ considered all of Crockett's impairments—even her non-severe chronic kidney disease—in reaching both the remaining relevant steps of the sequential evaluation process (that is, steps 3-4) and the ultimate conclusion that Plaintiff is not disabled:

> The claimant's treating nephrologist completed a chronic kidney disease checklist on February 12, 2016. In it, he noted the claimant experienced hypertensive nephropathy rated as chronic kidney disease Stage 3 to 4. However, the nephrologist denied the presence of any of the signs or symptoms included on the checklist indicating significant renal dysfunction

---

[6]     The ALJ also specifically evaluated whether Crockett had an impairment or combination of impairments that met a listed impairment (*see* Tr. 13-14), which is a sufficient enough statement "to demonstrate that the ALJ considered all necessary evidence." *Tuggerson-Brown, supra,* 572 Fed.Appx. at 952, citing *Wilson v. Barnhart,* 284 F.3d 1219, 1224-25 (11th Cir. 2002).

(Continued)

8

or impairment.[7] Further, the nephrologist added no opinions regarding the claimant's physical functional abilities or limitations or regarding whether she was disabled. Since the nephrologist's statement contains no opinions regarding functioning or disability, there are no opinions to weigh. However, his notation that the claimant's kidney disease caused none of the serious signs or symptoms associated with debilitating renal impairment is given careful consideration in formulating the claimant's residual functional capacity.

(Tr.16; *cf.* Tr. 14-15 (ALJ's consideration of Crockett's symptoms in determining her RFC)). In short, therefore, this Court finds no reversible error with respect to Crockett's sole assignment of error because the record demonstrates that the ALJ properly considered all of Crockett's impairments, including those he found to be non-severe (that is, specifically, her chronic kidney disease), in reaching the conclusion that Plaintiff was not disabled and, instead, is capable of performing the full range of sedentary work.[8] *See, e.g., Tuggerson-Brown, supra,* 572 Fed.Appx. at 952.

---

[7]     This Court does not agree with Plaintiff that Dr. Michael Culpepper's statement that Plaintiff has Stage 4 chronic kidney disease (*see* Tr. 501) is contrary to the ALJ's "claim that 'the nephrologist denied the presence of any of the signs or symptoms included on the checklist indicating significant renal dysfunction or impairment.'" (Doc. 12, at 3, quoting Tr. 16.) Regardless of the stage of Plaintiff's chronic kidney disease, Dr. Culpepper indicated in the completed February 12, 2016 Kidney Questionnaire that Plaintiff did not experience any of the signs or symptoms (such as persistent motor or sensory neuropathy or persistent fluid overload) indicative of significant renal dysfunction or impairment (*see* Tr. 500; *cf.* Tr. 456-58, *infra*). Therefore, the Court simply cannot find the ALJ's observation in this regard incorrect.

[8]     Of note, Plaintiff has pointed to no evidence in the record which establishes that her chronic kidney disease would significantly limit her physical ability to perform work "beyond" the limitations encompassed in the ALJ's residual functional capacity determination (which was for the full range of sedentary work). In other words, Plaintiff has pointed to nothing in the record which establishes that her chronic kidney disease would have limiting effects on her functional capacity beyond those limitations captured/recognized in the ALJ's RFC determination. Certainly, Dr. Culpepper provided no opinion regarding Plaintiff's functional abilities or limitations (that are different from the ALJ's determination) nor did he state that she was disabled because of her kidney disease (*see, e.g.,* Tr. 456-58).

During oral arguments, Plaintiff's counsel seemed to suggest that had the ALJ properly determined that Crockett's chronic kidney disease was severe he would have per force been required to determine that this disease would have impacted her ability to perform sedentary work because the full range of sedentary work requires frequent use of the hands and records in (Continued)

Given that Crockett's assignment of error is properly overruled, and Plaintiff does not otherwise directly challenge the ALJ's residual functional capacity assessment or the VE's testimony that Plaintiff's past work as a credit card clerk was sedentary work (*compare* Doc. 12 *with* Tr. 14, 16-17 & 47), the Commissioner's fourth-step determination is due to be affirmed.

## CONCLUSION

It is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be affirmed.

**DONE** and **ORDERED** this the 17th day of January, 2019.

s/P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**

---

evidence reflect swelling of her feet and hands. The undersigned simply cannot agree with this argument. Plaintiff, again, does not specifically point to evidence in the record that she experienced swelling of her hands and feet because of her chronic kidney disease that would impact/limit her ability to perform even sedentary work activities and, indeed, a review of the records supplied by Dr. Michael Culpepper and other physicians at USA's Nephrology Division, who were monitoring her chronic kidney disease, reveal no evidence of edema (that is, swelling) in the hands or feet (*compare, e.g.,* Tr. 456 & 458 (no edema at the level of the ankles on September 23, 2015 and July 22, 2015, and, in addition, Dr. Culpepper noted on July 15, 2015, that Plaintiff "had no joint heat, swelling or deformity [of the extremities] and there is no skin rash or eruption.") *with, e.g.,* Tr. 578 (no lower extremity edema noted on December 23, 2016)). Thus, there is simply nothing that this Court can "take" from the records of the nephrologists who were monitoring Crockett's chronic kidney disease that this disease, had it been found severe, would have resulted in a different RFC determination than that found by the ALJ in this case, or otherwise impacted the decision that Plaintiff is not disabled.